# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARTURO JUAREZ, *et al.*,

                 Plaintiffs,

     vs.

ROLLAND HARDING, *et al.*,

                 Defendants.

Case No.: 2:24-cv-00326-GMN-DJA

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND
TRANSFERRING VENUE**

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendants Rolland E. Harding and Solpac Construction, Inc., dba Soltek Pacific Construction Co. ("Solpac"). Plaintiffs Arturo Juarez and Sherry Juarez filed a Response, (ECF No. 10), to which Defendants filed a Reply, (ECF No. 12).

Because the Court does not have personal jurisdiction over Defendants but finds transfer to be in the interest of justice, it **DENIES** Defendants' Motion to Dismiss and **TRANSFERS** the underlying complaint to the District Court for the District of Arizona.

## I. <u>BACKGROUND</u>

This case arises from injuries Plaintiffs sustained in a collision with Defendant Harding near Bullhead City, in Mohave County, Arizona. (*See generally* Compl., ECF No. 1). Plaintiffs are residents of Nevada, Defendant Harding is a resident of Arizona, and Defendant Solpac is domiciled in California. (*Id.* 1:21–27). Plaintiffs first filed suit in the Eighth Judicial District Court of Nevada, asserting various negligence claims against Defendants. (State Ct. Compl., Ex. 1 to Mot. Dismiss, ECF No. 7-1). The state court granted Defendants' Motion to Dismiss, ruling that it lacked personal jurisdiction because the accident occurred in Arizona and neither Defendant has ties to Nevada sufficient to find general jurisdiction. (State Order Granting Mot.

Dismiss 2:1–8, Ex. 5 to Mot. Dismiss, ECF No. 7-5).  Plaintiffs subsequently filed suit in this Court. (*See generally* Compl.).  Defendants now move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). (*See generally* Mot. Dismiss, ECF No. 7).

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  Once a defendant raises the defense, the burden then falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  "Because Nevada's long-arm statute grants courts jurisdiction over persons 'on any basis not inconsistent with' the U.S. Constitution, the jurisdictional analyses under state law and federal due process are identical." *Edwards v. Juan Martinez, Inc.*, 506 F. Supp. 3d 1061, 1068 (D. Nev. 2020); Nev. Rev. Stat. § 14.065.

## III.    DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint, arguing that the Court does not have personal jurisdiction over them and that the Court may not revisit issues related to personal jurisdiction. (Mot. Dismiss 2:1–5).  The Eighth Judicial District Court of Nevada ordered dismissal of Plaintiffs' state court Complaint for lack of personal jurisdiction.[1] (Resp. 8:26–28, ECF No. 10).  Plaintiffs do not dispute the validity of this ruling, but instead reiterate their

---

[1] Judicial opinions and other court records are properly subject to judicial notice under Federal Rule of Evidence 201(b). *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001), *abrogated on other grounds as stated in Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Specifically, the Court may judicially notice the existence of another court's decision—which includes the stated reasoning of the authoring court as well as the date of the decision—and other filings made in the case, but not the facts recited in that decision or other filings. *Id.*  Accordingly, the Court takes judicial notice of the following records from the Eighth Judicial District Court in case number A-23-881565-C: Defendants' Motion to Dismiss (ECF No. 7-2); Plaintiffs' Opposition (ECF No. 7-3); Defendants' Reply (ECT No. 7-4); and the Order Granting Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 7-5).

arguments for why the Court should find it has personal jurisdiction over the Parties. (Resp. 5:19–6:9).  Plaintiffs also argue, in the alternative, that the Court should transfer this matter to the appropriate venue. (Resp. 9:10–11).  The Court first addresses whether the state court's dismissal order precludes further litigation of personal jurisdiction.

### A. Issue Preclusion

Because the state court made a final ruling on the merits using the same facts presented to the Court here, the issue of personal jurisdiction is precluded.  "[I]ssue preclusion only applies to issues that were actually and necessarily litigated and on which there was a final decision on the merits." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008); *Kendall v. Overseas Dev. Corp.,* 700 F.2d 536, 538 (9th Cir. 1983) ("A final determination in a state court on a jurisdictional issue is conclusive in subsequent federal litigation if the later suit is between the same parties, on the same issues, and if the issue . . . was actually litigated and necessary to the prior determination.").  To successfully assert the preclusive effect of the state court decision, Defendants must establish that:

> (1)  the issue decided in the prior litigation [is] identical to the issue presented in the current action; (2) the initial ruling [was] on the merits and ha[s] become final; (3) the party against whom the judgment is asserted [was] a party . . . to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Five Star Capital Corp.*, 194 P.3d at 713 (Nev. 2008) (internal citations and quotation marks omitted).  Because dismissing a claim for lack of personal jurisdiction does not prejudge the merits of the underlying claim, a plaintiff may file another complaint on the same cause of action if they plead new facts that cure the jurisdictional defects. *Kendall,* 700 F.2d. at 539 ("The dispositive question is whether [plaintiff] pleaded any new facts in the federal litigation that would support a different result on the issue of jurisdiction.").

First, the issue decided by the state court was identical to the issue presented here. Plaintiffs ask the Court to revisit the question of personal jurisdiction regarding the same

Defendants and concerning the same nucleus of facts.  Plaintiffs do not plead any new causes of action here, nor do they raise any additional facts.  Except for a brief discussion of diversity jurisdiction and an argument for transfer, Plaintiffs' Response is identical to the Opposition submitted to the state court. (*Compare* Opp'n, Ex. 3 to Mot. Dismiss, ECF No. 7-3 *with* Resp., ECF No. 10).  Thus, element of one the *Five Star* test is satisfied.

Second, the state court ruling was made on the merits and is final.  Prior to granting a Motion to Dismiss for lack of personal jurisdiction, the state court considered all of the arguments presented by the Parties in both pleadings and oral arguments. (Order Granting Def. Mot. Dismiss 1:24–27).  The state court concluded that because the accident took place in Bullhead City, Arizona, it did not have specific jurisdiction over the subject accident. (Order 2:4-7).  It also concluded that the Defendants did not have ties to the State of Nevada sufficient to find general jurisdiction. (Order 2:7–9).  Accordingly, the second *Five Star* is met.

Third, Plaintiffs named the same Defendants in the state court action as they do here. And lastly, because the prior proceedings focused exclusively on personal jurisdiction and were decided solely on those grounds, the issue was actually and necessarily litigated. (Order granting Def. Mot. Dismiss 2:28).  Thus, the third and fourth *Five Star* elements are satisfied.

In sum, the Court is precluded from reconsidering the issue of personal jurisdiction.[2]

## B.  Venue Transfer

In the alternative, Plaintiffs ask the Court to transfer this case to the District Court of the District of Arizona. (Resp. 9:9–10:13).  Where a court determines that it lacks jurisdiction over a matter, it must determine whether the case should be transferred to another district rather than be dismissed. *See Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir. 1990).  Pursuant to 28 U.S.C. § 1631, an action should be transferred if it could have been filed in the transferee court

---

[2] Because the Court is precluded from considering whether it has personal jurisdiction over Plaintiffs, it likewise cannot consider whether jurisdictional discovery is appropriate in this case.

at the time it was misfiled and if transfer is "in the interest of justice."  The Ninth Circuit takes "a broad view" on when transfer is appropriate. *Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015).  Transfer is in the interest of justice when "the time period has elapsed to file in the appropriate court." *Id*.  Under such circumstances, transfer is the rule rather than the exception, granted unless the underlying complaint is "frivolous or was filed in bad faith." *Id*. (describing this standard as "a low bar" that will "involve a very limited inquiry by the transferring court").

The Complaint is eligible for transfer because it could have been acceptably filed in Arizona on the date it was misfiled here.  Plaintiffs filed the Complaint on February 15, 2024 regarding a collision that occurred on March 12, 2022. (Compl. ¶¶11–12).  This timeline falls within Arizona's two-year statute of limitations for negligence cases. S*ee Rowland v. Kellogg Brown & Root, Inc.*, 115 p.3d 124, 127 (Ariz. 2005) (holding that Arizona law "requires a plaintiff to commence an action for negligence within two years after the cause of action accrues").  Because this statute of limitations has since expired, Plaintiffs may not file this case in the District of Arizona if the Court were to dismiss this case without prejudice. (Resp. 9:8).  But, if the Court transfers this case, the receiving court may consider the case on its merits. 28 U.S.C. § 1631 (noting that "the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually . . . filed in the court from which it is transferred").

Defendants argue that the Court should not transfer the case because Plaintiffs knew or should have known that Nevada courts lacked personal jurisdiction. (Reply 2:16–19).  But despite the jurisdictional defects, Defendants raise no evidence that Plaintiffs' underlying claims are frivolous or that they were brought in bad faith.  Because the Court finds transfer to be in the interest of justice, it TRANSFERS the underlying Complaint as requested by Plaintiffs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 7), is **DENIED.**

The Clerk of Court is kindly requested to **TRANSFER** this case to the United States District Court for the District of Arizona for all future proceedings. After which, the Clerk of Court is kindly requested to close this case.

**DATED** this __21__ day of February, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT